IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00081-RJC
(3:13-cr-00258-RJC-10)

| | | |
|---|---|---|
| TORBEN LAMONT JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se

Motion to Vacate, Set Aside or Correct Sentence, which is filed pursuant to 28 U.S.C. §

2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be

dismissed.

I.      BACKGROUND

On November 18, 2013, Petitioner pleaded guilty pursuant to a written plea

agreement to one count of conspiracy to possess with intent to distribute cocaine, and

crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (3:13-cr-00258, Doc.

No. 71: Plea Agreement; Doc. No. 88: Acceptance and Entry of Guilty Plea).

In Petitioner's presentence report (PSR), the probation officer applied a base offense

level of 36 pursuant to § 2D1.1(c)(2) of the U.S. Sentencing Guidelines Manual (USSG)

(2013) based on the amount of drugs for which Petitioner was found to be responsible,

and a two-level enhancement based on the fact that Petitioner possessed a firearm during

the course of the drug conspiracy. <u>See</u> USSG § 2D1.1(b)(1). (<u>Id.</u>, Doc. No. 200: PSR ¶¶ 25-26). After a three-level reduction for acceptance of responsibility, Petitioner faced a Guidelines range of 210 to 262-months' imprisonment based on a total offense level of 35 and a criminal history category of III. (<u>Id.</u> ¶ 111).

On October 30, 2014, Petitioner appeared with counsel for his sentencing hearing, and at the outset, the Court confirmed that Petitioner had entered a knowing and voluntary plea during his Rule 11 hearing and the plea was therefore reaffirmed and a verdict of guilty entered in the record. The parties stipulated there was a factual basis to support the guilty plea and that the Court could rely on the offense conduct in the PSR to establish that factual basis. Next, Petitioner acknowledged that he had reviewed the contents of the PSR with his counsel and that he understood the contents of the PSR. After a two-level reduction in Petitioner's Guidelines range based on Amendment 782, the Court calculated a new range of 168-210 months in prison, and Petitioner was ultimately sentenced to a term of 168 months. (<u>Id</u>, Doc. No. 249: Judgment; Doc. No. 250: Statement of Reasons at 3). Petitioner's judgment was affirmed on appeal. <u>See</u> <u>United States v. Jackson</u>, 611 F. App'x 155 (4th Cir. 2015) (unpublished).

In this collateral proceeding, Petitioner raises claims of ineffective assistance of trial counsel. Petitioner's claims will be addressed herein.

II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a

petitioner is entitled to any relief. After having considered the record in this matter, the

Court finds that no response is necessary from the United States. Further, the Court finds

that this matter can be resolved without an evidentiary hearing. See Raines v. United

States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

        The Sixth Amendment to the U.S. Constitution guarantees that in all criminal

prosecutions, the accused has the right to the effective assistance of counsel to assist in

his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective

assistance of counsel, a petitioner must show that: (1) "counsel's representation fell

below an objective standard of reasonableness," and (2) the deficient performance was

prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In

measuring counsel's performance, there is "a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance. . ." Id. at 689. A

petitioner seeking post-conviction relief based on ineffective assistance of counsel bears a "heavy

burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548

(8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency.

Id.

        To demonstrate prejudice in the context of a guilty plea, a Petitioner must

demonstrate "a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52,

59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v.

Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison,

724 F.2d 1425, 1430-31 (4th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1065 (1984)). If Petitioner

fails to meet this burden, "a reviewing court need not consider the performance prong."

<u>Fields</u>, 956 F.2d at 1297 (citing <u>Strickland</u>, 466 U.S. at 697). In considering the prejudice

prong of the analysis, the Court must not grant relief solely because Petitioner can show

that, but for counsel's performance, the outcome of the proceeding would have been

different. <u>See</u> <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can

only grant relief under the second prong of <u>Strickland</u> if the 'result of the proceeding was

fundamentally unfair or unreliable.'" <u>Id.</u> (quoting <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369

(1993)).

      A.     Drug quantity

Petitioner first contends that his trial counsel was ineffective for failing to

challenge the drug quantity that was attributable to him. (3:16-cv-00081, Doc. No. 1:

Motion to Vacate at 15). This argument is without merit.

In Petitioner's plea agreement, he acknowledged that the amount of crack cocaine

that was known to or reasonably foreseeable to him in the conspiracy was at least 2,800

grams but less than 8,400 grams. (3:13-cr-00258, Doc. No. 71: Plea Agreement ¶ 7(a)).

And in his Rule 11 hearing, Petitioner acknowledged under oath that he understood and

agreed with each of the terms of his plea agreement. (<u>Id.</u>, Doc. No. 276: Rule 11 Tr. at

11-12, 14).

It is well-settled that a petitioner is bound by his sworn statements that he makes

during a properly conducted Rule 11 hearing and as this Court found during sentencing,

and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his

present challenge must fail. <u>See, e.g.</u>, <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977)

("For the representations of the defendant, his lawyer, and the prosecutor at such a

hearing, as well as any findings made by the judge accepting the plea, constitute a

formidable barrier in any subsequent collateral proceedings. Solemn declarations in open

court carry a strong presumption of verity."); <u>United States v. Lemaster</u>, 403 F.3d 216,

221 (4th Cir. 2005).

> B.      Sentencing proceeding

Petitioner again challenges the amount of crack cocaine for which he was held

responsible, this time contending that he should not be held responsible for crack cocaine

that was distributed by his co-conspirators while he was in state prison. (Motion to

Vacate at 16-17). This argument will be rejected for two reasons.

First, as just observed, Petitioner freely and knowingly agreed that he was

responsible for at least 2,800 grams but less than 8,400 grams of crack cocaine. Second,

Petitioner, as an admitted conspirator in the drug conspiracy, is liable for the actions of

his co-conspirators. <u>See</u> <u>United States v. Ocasio</u>, 750 F.3d 399, 410 (4th Cir. 2015), <u>aff'd</u>,

136 S. Ct. 1423 (2016) ("One who knowingly participates in a conspiracy to violate

federal law can be held accountable for not only his actions, but also the actions of his

coconspirators.") (citing <u>United States v. Burgos</u>, 94 F.3d 849, 858 (4th Cir. 1996) (en

banc)).

> C.      Amendments 750 and 782

Here, Petitioner argues that his counsel was ineffective in failing to argue that he

should have received the benefit of Amendments 750 and 782 to the Guidelines. (Motion

to Vacate at 16). Petitioner's argument is again without merit.

Petitioner was sentenced on October 30, 2014, and received any benefit available under Amendment 750 which adjusted the drug quantity table in USSG § 2D1.1(c) to comply with the Fair Sentencing Act (FSA) of 2010. See USSG § App. C., Amend. 750 (effective Nov. 1, 2011). Petitioner also received a two-level reduction based on Amendment 782 even though this amendment was not made effective until November 1, 2014. (3:13-cr-00258, Doc. No. 250: Statement of Reasons at 3; Doc. No. 277: Sentencing Tr. at 4-5).

D.      Gun enhancement

In this claim, Petitioner contends that his counsel was ineffective in failing to challenge "the four level enhancement under section 2D1.1(b)(1)." (Motion to Vacate at 18). This argument fails to appreciate two facts.

The evidence in the PSR, which includes the Factual Basis that was filed prior to the entry of his guilty plea, clearly demonstrates that Petitioner was only subject to a two-level enhancement for possession of a firearm during his participation in the drug conspiracy. (PSR ¶¶ 20, 27). Second, the Fourth Circuit expressly found that the two-level enhancement was properly applied in fashioning Petitioner's sentence. See Jackson, 611 F. App'x at 155-57. Accordingly, Petitioner is foreclosed from renewing this argument in a collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding the law of the case doctrine forecloses litigation of issues expressly or impliedly decided by the appellate court) (internal citation omitted).

E.       PSR

In his final claim, Petitioner argues that his counsel was ineffective in failing to present his objections to the PSR, and that this Court erred in failing to ensure that Petitioner had reviewed the PSR with him prior to sentencing. (Motion to Vacate at 19).

The Court observes that Petitioner acknowledged during sentencing he had in fact reviewed the contents of the PSR with his attorney and that he understood and agreed with the PSR, which included no objections. (Sentencing Tr. at 3-4). Based on the record before the Court, it is plain that this argument is without merit.

IV.       CONCLUSION

For the reasons discussed herein, the Court finds that Petitioner's § 2255 motion is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a

constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: August 25, 2016

Robert J. Conrad, Jr.
United States District Judge